UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE EDWARDS, an individual, | ) ) |
| Plaintiff, | ) Case No: ) ) Judge: ) |
| v. | ) Magistrate Judge: ) |
| CITY OF BATON ROUGE, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, BRUCE EDWARDS, by and through his undersigned counsel, hereby files this Complaint and sues CITY OF BATON ROUGE for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in East Baton Rouge Parish, Louisiana.

3. Plaintiff, BRUCE EDWARDS, (hereinafter referred to as "MR. EDWARDS") is a resident of the State of Louisiana, Bossier Parish.

4. MR. EDWARDS is a qualified individual with a disability under the ADA.

1

MR. EDWARDS has atrial fibrillation and a left knee replacement, which requires him to use a cane to ambulate.

5. Due to his disability, MR. EDWARDS is substantially impaired in several major life activities as he is unable to walk or stand without assistance and requires a cane to ambulate. As such, he is unable to walk more than a short distance at a time.

6. Upon information and belief, the CITY OF BATON ROUGE (hereinafter referred to as "BATON ROUGE") constitutes the political entity which owns and operates the River Center Theatre for Performing, located at 240 St. Louis Street, Baton Rouge, Louisiana 70802 (the "River Center"), the River Center West Parking Garage, located at 499 St Louis St Suite 401, Baton Rouge, LA 70802 (the "West Garage), and the River Center East Parking Garage located at 362 St Ferdinand St, Baton Rouge, LA 70802 (the "East Garage") (the River Center, the West Garage, and the East Garage are hereinafter collectively referred to as "the Property").

7. Upon information and belief, the Property is a public facility which is open to members of the public, including MR. EDWARDS.

8. BATON ROUGE is responsible for complying with the obligations of the ADA and the Rehabilitation Act.

9. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, East Baton Rouge Parish, Louisiana.

**COUNT I – VIOLATION OF TITLE II OF THE
AMERICANS WITH DISIBILITIES ACT**

10. MR. EDWARDS realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11. Upon information and belief, BATON ROUGE owns and operates the Property where services and programs are offered.

12. MR. EDWARDS has encountered numerous architectural barriers while attempting to navigate the Property.

13. MR. EDWARDS visited the Property most recently on October 27, 2025 to attend the Charlie Kirk Memorial event.

14. Mr. Edwards attempted to drive his truck into both the West Garage and the East Garage, so that he could park in the designated-accessible parking spaces there, but was not able to enter due to the impermissibly low clearance at each garage.

15. Because Mr. Edwards could not access the designated-accessible parking spaces in both the East Garage and the West Garage, he was not able to enter the River Center for the Charlie Kirk Memorial. Mr. Edwards was forced to miss the event.

16. MR. EDWARDS intends to return to the Property when he desires to attend the cultural events that take place at the Property.

17. MR. EDWARDS he anticipates returning to the Property given the types of events that are hosted at the Property, which are not often available to him in a small town such as Plain Dealing, LA.

18. On November 19, 2025, MR. EDWARDS sent an emailed request for reasonable accommodation to the BATON ROUGE ADA email account (ada@brgov.com). In this request MR. EDWARDS identified the following ADA violations at the Property and requested that they be fixed:

    A. Both parking garages that serve the River Center lack designated-accessible parking spaces with a 98" clearance; and

3

        B. Other mobility-related ADA barriers to be identified following a complete inspection.

19. To date, MR. EDWARDS has not received a response from BATON ROUGE.

20. Upon information and belief, none of the barriers have been removed.

21. MR. EDWARDS is aware of mobility-related barriers at the Property, as raised in his reasonable accommodation request and discussed below in Paragraph 30.

22. MR. EDWARDS presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

23. The barriers discussed in Paragraph 30 are mobility-related and threaten to deny MR. EDWARDS equal access to the services, programs, and activities offered at the Property.

24. The barriers discussed below in Paragraph 30 are excluding MR. EDWARDS from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered at the Property.

25. MR. EDWARDS has reasonable grounds for believing that he will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 30.

26. BATON ROUGE is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is therefore subject to Title II of the ADA and its implementing regulations.

27. Title II of the ADA sets various requirements, including the "new construction/alteration" standard and the "program access" standard. The "new construction/alteration" standard and the "program access" standard apply to parts of a facility that have been altered since the passage of the ADA.

28. Under the "new construction/alteration" standard, a public entity is required to comply with

the requirements of the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG"). The ADAAG sets forth the specific requirements and standards for architectural design of a facility, including ramps and restrooms.

29. Under the "program access" standard, a public entity shall ensure that each of its programs, services, and accommodations are readily accessible to and usable by individuals with disabilities. Under the applicable case law, a public entity should use the ADAAG as a guide to determine whether a barrier exists.

30. Upon information and belief, BATON ROUGE has discriminated, and is continuing to discriminate, against MR. EDWARDS in violation of the ADA by excluding and/or denying him the benefits of its services, programs, and activities. MR. EDWARDS' visits to the Property show that the Property, when viewed in its entirety, is not accessible. These physical barriers to access include but are not limited to: Both parking garages that serve the River Center lack designated-accessible parking spaces with a 98" clearance.

31. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

32. BATON ROUGE has discriminated against MR. EDWARDS by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. § 35.101 *et. seq.*

33. BATON ROUGE has discriminated, and is continuing to discriminate, against MR. EDWARDS in violation of the ADA by excluding and/or denying MR. EDWARDS

the full and equal benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. MR. EDWARDS has personally and continuously experienced the accessibility barriers when he visited the Property.

34. 28 C.F.R. § 35.130(1)(vii) states that "[a] public entity, in providing any aid, benefit, or service, may not … limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid benefit or service."

35. Additionally, 28 C.F.R. § 35.130(4)(i) provides that "[a] public entity may not, in determining the site or location of a facility, make selections- [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination…"

36. BATON ROUGE has violated these provisions by providing services and programs at the Property which is an inaccessible facility.

37. BATON ROUGE has discriminated against MR. EDWARDS by excluding him from participation in, and denying him the benefits of, the services, programs, and/or activities at its Property because of MR. EDWARDS' disability, all in violation of 42 U.S.C. § 12132.

38. Upon information and belief, BATON ROUGE continues to discriminate against MR. EDWARDS by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities,

segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

39. BATON ROUGE was alerted to Plaintiff's request for reasonable accommodation but failed to provide it despite notice of need for the accommodation.

40. The above conduct constitutes intentional discrimination.

41. The above conduct constitutes deliberate indifference.

42. Upon information and belief, MR. EDWARDS, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities offered at the Property, and have otherwise been discriminated against and damaged by BATON ROUGE because of BATON ROUGE's discrimination, as set forth above.

43. MR. EDWARDS and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy BATON ROUGE's discriminatory violations and avoid piecemeal litigation, MR. EDWARDS requires a full inspection of BATON ROUGE's Property in order to catalogue and cure all the areas of non-compliance with the ADA.

44. Upon information and belief, BATON ROUGE has been aware of the existence of architectural barriers at the Property since at least November 2025, when MR. EDWARDS submitted a reasonable accommodation request.

45. MR. EDWARDS has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from BATON ROUGE pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

46. MR. EDWARDS is suffering irreparable harm by virtue of BATON ROUGE's invasion of the rights conferred on him by 42 U.S.C. § 12131, *et seq.*

47. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is vested with authority to grant MR. EDWARDS injunctive relief including to order that BATON ROUGE alter the Property to make its programs, services, and activities readily accessible to and useable by MR. EDWARDS and all other persons with mobility-related disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

48. MR. EDWARDS adopts and re-alleges the allegations contained in paragraphs 1-47 as if fully stated herein.

49. MR. EDWARDS brings this claim against BATON ROUGE, based upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

50. Upon information and belief, BATON ROUGE has been and continues to be a recipient of federal financial assistance within the meaning of 49 C.F.R. § 27.5 and is therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations.

51. The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).

52. Upon information and belief, as set forth herein, BATON ROUGE has violated the Rehabilitation Act by intentionally excluding MR. EDWARDS, solely by reason of his disability, from participation in, and denying him the benefits of, and has otherwise

8

subjected him to discrimination under BATON ROUGE's programs, services, and activities.

53. Upon information and belief, a non-exclusive list of BATON ROUGE's violations of the Rehabilitation Act and discriminatory conduct against MR. EDWARDS are evidenced by:

   A. Denying MR. EDWARDS access to, and the opportunity to participate in or benefit from, the programs, services, and activities offered at the Property;

   B. By otherwise limiting MR. EDWARDS in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who participate in the programs, services, and activities offered by BATON ROUGE at the Property;

   C. Making facility, site, or location selections that have the effect of discriminating against individuals with disabilities, such as MR. EDWARDS, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by BATON ROUGE at the Property;

   D. Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MR. EDWARDS and others similarly situated;

   E. Excluding MR. EDWARDS from participation in, and the benefits of, BATON ROUGE's services, programs, and activities as a result of BATON ROUGE's Property being inaccessible to or unusable by MR. EDWARDS;

and

F. Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and usable by individuals with disabilities.

54. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which MR. EDWARDS is more likely than not going to encounter upon future visits to the Property. MR. EDWARDS brings this action:

A. To redress injuries suffered as a result of BATON ROUGE's discriminatory actions and inactions, as set forth herein;

B. To reasonably avoid further and future injury as a result of BATON ROUGE's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and Rehabilitation Act;

C. To ensure the Property is accessible as required by the relevant applications of Title II of the ADA;

D. To be made whole and ensure future compliance; and

E. to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

55. Only through a complete inspection of the Property and related facilities, undertaken by MR. EDWARDS and/or his representatives, can all said violations be identified and cured so as to ensure access for individuals with disabilities, the primary purpose of this action.

56. Upon information and belief, as the recipient of federal funds, BATON ROUGE is liable

for damages to MR. EDWARDS as a result of its acts and omissions constituting intentional discrimination. It is MR. EDWARDS' position that even an award of nominal damages in his favor would confer significant civil rights to the public, as a judgment against BATON ROUGE, regardless of the amount, would likely deter BATON ROUGE from discriminating against individuals with disabilities in the future.

57. As set forth above, MR. EDWARDS has been denied access to, and without the relief requested herein will continue to be denied access to the services, programs, facilities and activities offered by BATON ROUGE, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of her disability, as a result of BATON ROUGE's Rehabilitation Act violations set forth above.

58. MR. EDWARDS has retained undersigned counsel for the filing and prosecution of this action. MR. EDWARDS is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from BATON ROUGE pursuant to 29 U.S.C. §794(b).

59. Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant MR. EDWARDS injunctive relief, including an Order that BATON ROUGE alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act, or an Order that BATON ROUGE close all premises and facilities and discontinue all non-complying services, activities, programs, and accommodations until the requisite modifications are completed. This Court is also provided authority to grant MR. EDWARDS compensatory damages for BATON ROUGE's discriminatory actions.

60. Upon information and belief, as set forth herein, BATON ROUGE has violated the Rehabilitation Act by intentionally excluding MR. EDWARDS, solely by reason of his

disability, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under BATON ROUGE's programs and activities. These actions constitute intentional discrimination and deliberate indifference.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. EDWARDS prays that:

A. This Court issue a Declaratory Judgment that determines that BATON ROUGE is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B. This Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by BATON ROUGE are in violation of the Rehabilitation Act;

C. This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by BATON ROUGE are in violation of the Rehabilitation Act;

D. This Court grant permanent injunctive relief against BATON ROUGE including an Order to make all required alterations to the Property; or to make the Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require BATON ROUGE to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied

  services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

E.  This Court enter an Order directing BATON ROUGE to alter and modify the Property and its programs, services, and accommodations to comply with the ADA and the Rehabilitation Act;

F.  This Court award MR. EDWARDS monetary damages, including nominal damages, pursuant to the ADA and/or Rehabilitation Act, for the harm caused by BATON ROUGE's discrimination;

F.  This Court award MR. EDWARDS reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

G.  Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

  Respectfully Submitted,

  **BIZER & DeREUS, LLC**
  *Attorneys for Plaintiff*

  /s/ Andrew D. Bizer
  ANDREW D. BIZER (LA # 30396)
  GARRET S. DeREUS (LA # 35105)
  EVA M. KALIKOFF (LA # 39932)
  3319 St. Claude Ave.
  New Orleans, LA 70117
  T: 504-619-9999; F: 504-948-9996
  Email: andrew@bizerlaw.com
     gdereus@bizerlaw.com
     eva@bizerlaw.com